Michael A. Hood (SBN 71258)
Nolan S. McCready (SBN 300684)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Phone: (949) 885-1360
Fax:    (949) 885-1380
Email: Michael.Hood@jacksonlewis.com
Email: Nolan.McCready@jacksonlewis.com

Scott P. Jang (SBN 260191)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111
Phone: (415) 394-9400
Fax:    (415) 394-9401
Email: Scott.Jang@jacksonlewis.com

Attorneys for Defendant
PAYCHEX NORTH AMERICA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY CALLAHAN and FAISAL GAILANI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PAYCHEX NORTH AMERICA, INC., and DOES 1 through 10, inclusive),<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>Complaint Filed: May 20, 2021<br>Trial Date:      None set |

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Paychex North America, Inc. ("Defendant") invokes this Court's jurisdiction under 28 U.S.C. § 1332 and removes, pursuant to 28 U.S.C. §1441, the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Alameda ("Alameda Superior Court"). While Defendant adamantly disputes that

Plaintiffs Stanley Callahan and Faisal Gailani ("Plaintiffs") or any of the individuals whom they seek to represent in this action are entitled to any recovery, Plaintiffs' allegations in the Complaint reveal that they have placed in controversy a case that is within the jurisdiction of this Court.

## PLEADINGS

1.  On May 20, 2021, Plaintiffs filed a civil action against Defendant in Alameda Superior Court, Case No. HG21102203.  The Complaint sets forth five class-wide causes of action: (1) Failure to Issue Accurate Itemized Wage Statements; (2) Failure to Pay Overtime Wages; (3) Failure to Pay Compensation Due Upon Discharge from Employment; (4) Failure to Reimburse Business Expenses; and (5) Unfair, Unlawful, or Fraudulent Business Practices.

2.  Defendant was served the Summons and Complaint and related court documents in this action on June 23, 2021.  A copy of the Summons, Complaint and other related court documents is attached as **Exhibit A**.

3.  On July 20, 2021, Defendant filed an Answer to the Complaint.  A true and correct copy of Defendant's Answer is attached as **Exhibit B**.

4.  On July 21, 2021, Plaintiffs attempted to file a First Amended Complaint; however, the Alameda Superior Court rejected Plaintiffs' filing.   As such, the Complaint filed by Plaintiffs on May 20, 2021 remains the operative Complaint.  A copy of Plaintiffs' attempted First Amended Complaint and the Alameda Superior Court's rejection letter are attached as **Exhibits C and D**, respectively.

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

5.  Pursuant to Section 4 of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) has been amended to provide, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

6.  In addition, CAFA confers federal court jurisdiction only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

7. As set forth below, this action satisfies all the requirements for federal jurisdiction under CAFA. This action (1) involves a plaintiff and a defendant who are citizens of different states; (2) involves a putative class of 100 or more purported members; (3) involves a controversy that purportedly exceeds the sum or value of $5,000,000; and (4) does not involve a defendant who is a governmental official or entity.

Plaintiffs and Defendant Are Citizens of Different States

8. CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant, when at least one member of a class is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2).

9. A natural person's citizenship is determined by his state of "domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Id*. (citation omitted).

10. A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c); *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010).

11. Diversity of citizenship is determined "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

12. Here, Plaintiffs allege that they are each citizens of the State of California: Plaintiff Callahan resides in Los Angeles, California, and Plaintiff Gailani resides in San Diego, California. (Compl. ¶¶ 8-9).

13. Plaintiff also alleges that Defendant is a citizen of the State of Delaware and has a principal place of business in the State of New York. (*Id.* ¶ 10.)

14. Based on the above, the diversity requirement of CAFA removal is satisfied since Plaintiffs are citizens of the State of California, whereas Defendant is a citizen of a different state.

///

The Putative Class Consists of More Than 100 Members

15. Under the Third Cause of Action, Plaintiffs seek waiting time penalties on behalf of Defendant's employees who worked in California as a Sales Representative or similar position and had their employment terminated during the period of three years prior to the filing of the Complaint through the date of trial. (*Id.* ¶ 5.)

16. Based on a review of Defendant's payroll records, at least 100 employees held the position of Sales Representative or similar title in California and had their employment terminated during the time period of May 20, 2018 to June 28, 2021. (Decl. of Martin Cannon in Support of Defendant's Notice of Removal ("Cannon Decl.") ¶ 5.)

17. Therefore, without even considering the putative class size of the larger subclasses that cover longer durations, this claim satisfies CAFA's numerosity requirement.

The Purported Amount in Controversy Exceeds $5,000,000

18. CAFA authorizes the removal of class actions in which the amount in controversy exceeds $5,000,000. 28 U.S.C. §1332(d).

19. In *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014), the United States Supreme Court held that, where the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554 (emphasis added). For the following reasons, the Complaint places an amount in controversy exceeding $5,000,000.

20. Although the Complaint is silent as to the amount in controversy, the amount in controversy exceeds $5,000,000 based on the Second Cause of Action for alleged unpaid overtime, the Third Cause of Action for failure to pay compensation due upon discharge, and the prayer for attorneys' fees:

    a. Under the Second Cause of Action, Plaintiffs seek unpaid overtime wages on behalf of Defendant's current and former employees who worked in California as a Sales Representative or similar position during the period of

four years prior to the filing of the Complaint through the date of trial. (*See* Compl. ¶ 4.)

b. Plaintiffs allege that these putative class members were misclassified as exempt employees and "routinely" worked overtime. (*Id.* ¶¶ 25, 27.)

c. Based on a review of Defendant's payroll records, employees who held the position of Sales Representative or similar title in California (a) worked at least 50,000 workweeks during the time period of May 20, 2017 to June 28, 2021; and (b) had an average annual base salary of at least $50,000 during that time period. (Cannon Decl. ¶ 6.)

d. Therefore, assuming that each putative class member worked two hours of alleged unpaid overtime per week, the amount in controversy from this claim equals at least $3,605,769 ($50,000 annual salary ÷ 52 weeks per year ÷ 40 hours per week x 1.5 overtime rate x 2 overtime hours per week x 50,000 workweeks).

e. Under the Third Cause of Action, Plaintiffs seek waiting time penalties on behalf of Defendant's employees who worked in California as a Sales Representative or similar position and had their employment terminated during the period of three years prior to the filing of the Complaint through the date of trial. (Compl. ¶ 5.)

f. Based on a review of Defendant's payroll records, at least 100 employees who held the position of Sales Representative or similar title in California (a) were terminated during the time period of May 20, 2018 to June 28, 2021; and (b) had an average annual base salary of at least $50,000 during that time period. (Cannon Decl. ¶ 5.)

g. Therefore, the potential waiting time penalties arising out of these putative class members equals $576,923 ($50,000 annual salary ÷ 52 weeks per year ÷ 40 hours per week x 8 hours per day x 30 days x 100 putative class members). *See* Labor Code § 203 (imposing a statutory penalty equal to

|   |   |   |
|---|---|---|
|   |   | employee's daily rate of pay for each day the wages are improperly withheld, up to 30 days). |
|   | h. | Courts in the Northern District of California treat a 25% attorneys' fee award as reasonable in wage and hour putative class actions for determining amounts in controversy for CAFA removal purposes. *Anderson v. Starbucks Corp.*, No. 3:20-cv-01178-JD, 2020 U.S. Dist. LEXIS 245356, at *14 (N.D. Cal. Dec. 31, 2020). |
|   | i. | Therefore, assuming a recovery of $4,182,692 arising from alleged unpaid overtime and alleged waiting time penalties, another $1,045,673 is put into controversy for claimed attorneys' fees. |
|   | j. | The sums above equal **$5,228,365** ($3,605,769 for alleged overtime wages + $576,923 for alleged waiting time penalties + $1,045,673 for alleged attorneys' fees). |

21. Notably, the above calculations reach the jurisdictional threshold under CAFA even without including Plaintiffs' other claims. Including Plaintiffs' other claims for alleged failure to issue accurate wage statements and failure to reimburse business expenses only further establish that this Court has jurisdiction over this putative class action under CAFA. *See* Labor Code § 226 (imposing statutory damages for inaccurate wage statements equal to (a) actual damages or (b) fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)).

22. For all these reasons, this action satisfies the amount in controversy requirement under CAFA.

<u>Defendant is Not a Governmental Official or Entity</u>.

23. Defendant is not a state, a state official, or any other governmental entity.

///

///

///

## VENUE

24. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a). Section 1441(a) provides, in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

25. As indicated above, Plaintiffs brought this action in Alameda Superior Court. The United States District Court for the Northern District of California encompasses this territory. 28 U.S.C. § 84(a).

## TIMELINESS OF REMOVAL

26. This Notice of Removal is timely because this Notice of Removal is filed within thirty days after Defendant was served with papers from which it could first be ascertained that the case was removable. 28 U.S.C. § 1446(b).

## NOTICE TO PLAINTIFFS AND STATE COURT

27. In accordance with 28 U.S.C. § 1446(d), Defendant's counsel certifies that a copy of this Notice of Removal and all supporting papers will be served on Plaintiffs' counsel and filed with the Clerk of the Alameda Superior Court. As such, all procedural requirements under § 1446 are satisfied.

## CONCLUSION

28. For the reasons set forth above, Defendant maintains that this action is properly removed to this Court.

Dated: July 23, 2021

JACKSON LEWIS P.C.

By:  /s/Scott P. Jang
Michael A. Hood
Scott P. Jang
Nolan S. McCready
Attorneys for Defendant
PAYCHEX NORTH AMERICA, INC.