# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
06/23/2021
CT Log Number 539786349

**TO:** Stephanie Schaeffer
Paychex, Inc.
911 Panorama Trl S
Rochester, NY 14625-2396

**RE:** **Process Served in California**

**FOR:** Paychex North America Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | STANLEY CALLAHAN and FAISAL GAILANI, ETC., PLTFS. vs. PAYCHEX NORTH AMERICA, INC., ETC., DFT. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint |
| **COURT/AGENCY:** | Alameda County, Superior Court, CA<br>Case # HG21102203 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/23/2021 at 15:33 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | JULIAN HAMMOND<br>HAMMONDLAW, P.C.<br>11780 W. Sample Road, Suite 103<br>Coral Springs, FL 33065<br>310-601-6766 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/23/2021, Expected Purge Date: 06/28/2021<br><br>Image SOP<br><br>Email Notification,  Stephanie Schaeffer  slschaefer@Paychex.com<br><br>Email Notification,  Dana Bolia  dbolia@paychex.com<br><br>Email Notification,  Denise Mackowiak  DMackowiak@paychex.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

 CT Corporation

**Service of Process Transmittal**
06/23/2021
CT Log Number 539786349

**TO:**   Stephanie Schaeffer
Paychex, Inc.
911 Panorama Trl S
Rochester, NY 14625-2396

**RE:**   **Process Served in California**

**FOR:**   Paychex North America Inc.  (Domestic State: DE)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**          Wed, Jun 23, 2021

**Server Name:**   JOSE SORIANO

| | |
|---|---|
| Entity Served | PAYCHEX NORTH AMERICA INC. |
| Case Number | HG21102203 |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PAYCHEX NORTH AMERICA, INC., a Delaware Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STANLEY CALLAHAN and FAISAL GAILANI, individually and on behalf of all others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

MAY 2 0 2021

CLERK OF THE COURT
BY:
Roni Gill Deputy Clerk

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda Superior Court, Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):*<br>**HG21102203** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
HammondLaw P.C.; Julian Hammond, 11780 W Sample Rd. Ste 103, Coral Springs FL 33065; (310)-601-6766

| DATE: **MAY 2 0, 2021**<br>*(Fecha)* | **Chad Finke** Clerk, by | **Roni Gill** | , Deputy |
|---|---|---|---|
| | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* PAYCHEX NORTH AMERICA, a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Julian Hammond (SBN 268489)
HammondLaw P.C.
11780 W Sample Rd Ste 103, Coral Springs, FL 33065

TELEPHONE NO.: (310) 601-6766   FAX NO. (Optional): (310) 295-2385
ATTORNEY FOR (Name): STANLEY CALLAHAN and FAISAL GAILANI

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
STANLEY CALLAHAN, et al vs. PAYCHEX NORTH AMERICA, INC.

**ENDORSED FILED ALAMEDA COUNTY**

**MAY 20 2021**

CLERK OF THE COURT
BY: _Roni Gill_
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | HG21102203<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): See attached
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 20, 2021

Julian Hammond
_(TYPE OR PRINT NAME)_     _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Filed By Fax

1

2   JULIAN HAMMOND (SBN 268489)
    jhammond@hammondlawpc.com
3   POLINA BRANDLER (SBN 269086)
    pbrandler@hammondlawpc.com
4   ARI CHERNIAK (SBN 290071)
    acherniak@hammondlawpc.com
5   HAMMONDLAW, P.C.
    11780 W. Sample Road, Suite 103
6   Coral Springs, FL 33065
    Tel. (310) 601-6766
7   Fax (310) 295-2385

**ENDORSED**
**FILED**
ALAMEDA COUNTY

MAY 20 2021

CLERK OF THE COURT
By: **Roni Gil**
                    Deputy Clerk

8   *Attorneys for Plaintiffs and the Putative Classes*

9

10

11                **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

12                             **COUNTY OF ALAMEDA**

13

14  STANLEY CALLAHAN and FAISAL
    GAILAN1, individually and on behalf of all    CASE NO. **HG21102203**
15  others similarly situated,

16              Plaintiffs,                        **CLASS ACTION COMPLAINT FOR:**

17  v.                                             (1) **Failure to Issue Accurate Itemized Wage**
                                                       **Statements (Cal. Labor Code § 226(a),**
18  PAYCHEX NORTH AMERICA, INC., a                     **(e));**
    Delaware Corporation,                          (2) **Failure to Pay Overtime Wages (Cal.**
19                                                     **Labor Code §§ 510, 1194; IWC Wage**
                Defendant.                             **Order No. 4-2001, § 3).**
20                                                 (3) **Failure to Pay Compensation Due Upon**
                                                       **Discharge from Employment (Cal. Labor**
21                                                     **Code §§ 201-203);**
                                                   (4) **Failure to Reimburse Business Expenses**
22                                                     **(Cal. Labor Code § 2802); and**
                                                   (5) **Unfair, Unlawful, or Fraudulent Business**
23                                                     **Practices (Cal. Bus. & Prof. Code §§ 17200**
                                                       ***et seq.*).**
24
                                                   **DEMAND FOR JURY TRIAL**
25

26

27

28

                            CLASS ACTION COMPLAINT

Plaintiff Stanley Callahan and Faisal Gailani ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege the following:

## INTRODUCTION

1.     This is a class action under California Code of Civil Procedure § 382 seeking damages for unreimbursed expenses and unpaid overtime, statutory penalties, interest, and reasonable attorneys' fees and costs under California Labor Code ("Labor Code") §§ 226, 510, 1194, 201, 202, 203, 2802, IWC Wage Order ("Wage Order") No. 4-2001 § 3, California Civil Procedure Code § 1021.5, and restitution under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200 *et seq.* on behalf of the members of the classes , as defined below.

2.     Plaintiffs bring this class action on behalf of themselves and other individuals currently and formerly employed by Defendant Paychex North America, Inc. ("Paychex" or "Defendant") in California as Sales Representatives or in a similar capacity ("Class Members") from one year prior to the filing of this Complaint through to the trial date ("Wage Statement Class Period"). During the Wage Statement Class Period, Defendant maintained a policy and/or practice of misclassifying Class Members as outside sales representatives, yet Class Members customarily and regularly worked 50% or more of their working time at their employer's place of business.

3.     As a result of misclassifying Class Members as exempt throughout the Wage Statement Class Period, Defendant did not require Class Members to track their hours worked, and thus did not list the total hours worked and/or their applicable hourly rate on the wage statements it furnished to the Class Members, in violation of Labor Code § 226(a).  Defendant's violation of Labor Code § 226(a) was knowing and intentional, and Plaintiffs and Class Members suffered injury as a result in that they could not ascertain from the wage statement alone the number of hours worked, or the applicable hourly rate earned. As a result, Plaintiffs and Class Members are entitled to statutory penalties and reasonable attorney's fees and costs pursuant to Labor Code § 226(e).

4.     Plaintiffs also bring this class action on behalf of themselves and a subclass of Class Members who in any pay period earned 50% or more of their total compensation in earnings other than commissions ("Overtime Subclass Members") during the period of four years prior to the filing of this

Complaint through to the trial date ("Overtime Class Period"). As stated above, Defendant maintained a practice and/or policy of misclassifying Class Members as exempt from overtime, pursuant to the outside sales exemption contained in Wage Order 4, § 1(C). Overtime Subclass Members routinely worked more than eight hours in a days, and 40 hours in a workweek and were therefore entitled to overtime pay. However, as a result of misclassifying them as exempt Defendant did not pay Overtime Subclass Members overtime, in violation of Labor Code §§ 1194, 510, and Wage Order No. 4-2001, § 3.

5. As a result of failing to pay overtime, Defendant failed to pay Plaintiffs and formerly employed Overtime Subclass Members who were employed within the three-year period prior to the filing of the Complaint through to the date of trial ("Waiting Time Penalties Subclass Period") all wages due and owing to them at the time of their termination, in violation of Labor Code § 201. Plaintiffs and formerly employed Overtime Subclass Members are therefore entitled to waiting time penalties pursuant to Labor Code § 203.

6. Plaintiffs also bring this action on behalf of themselves and other employees of Defendant ("Expense Reimbursement Class Members" or "ER Class Members") in California employed at any time from March 18, 2020 through the date of trial ("Expense Reimbursement Class Period" or "ER Class Period") for unreimbursed business expenses incurred by them during that period. During the ER Class Period, Defendant maintained a policy and/or practice of requiring Plaintiffs and ER Class Members to work remotely. In order to carry out and perform their assigned work related duties remotely, Plaintiffs and ER Class Members incurred and continue to incur expenses including but not limited to cost of internet service and telephone service (hereinafter, "home office expenses"). However, Defendant maintains a policy and/or practice of denying reimbursement to Plaintiffs and ER Class Members for these necessarily incurred home office expenses, in violation of Labor Code § 2802.

7. In consequence of the violations of Labor Code §§ 510, 1194, and 2802, and IWC Wage Order No. 4-2001, § 3 Defendant also committed unfair, unlawful, and fraudulent business practices, in violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 et seq.

Plaintiffs, on behalf of themselves, and members of the Overtime Subclass and ER Class, seek restitution and other relief as prayed for below.

## PARTIES

8.　　Plaintiff Callahan is a resident of Los Angeles, California and was employed by Paychex as a Sales Consultant in Los Angeles from approximately July 2019 through June 2020.  During his employment, Plaintiff Callahan was subject to Defendant's unlawful conduct described herein.

9.　　Plaintiff Gailani is a resident of San Diego, California and was employed by Paychex as a Sales Consultant in San Diego from approximately November 2019 through June 2020.  During his employment, Plaintiff Gailani was subject to Defendant's unlawful conduct described herein.

10.　　Defendant Paychex North America, Inc. is a Delaware corporation with its principal place of business and mailing address at 19 Goldenchain Court, Penfield, New York 14625.

## JURISDICTION

11.　　This Court has jurisdiction over Plaintiffs' and Class Members' claims for the failure to issue accurate itemized wage statements pursuant to Labor Code § 226(a), (e).

12.　　This Court has jurisdiction over Plaintiffs' and Overtime Subclass Members' claims for failure to pay overtime wages pursuant to Labor Code §§ 510, 1194 and Wage Order No. 4-2001, § 3.

13.　　This Court has jurisdiction over Plaintiffs' and formerly employed Overtime Subclass Members' claims for failure to pay compensation due upon discharge from employment pursuant to Labor Code §§ 201-203.

14.　　This Court has jurisdiction over Plaintiffs' and ER Class Members' claims for failure to reimburse business expenses pursuant to Labor Code § 2802.

15.　　This Court has jurisdiction over the claims for restitution arising from Defendant's violations of Labor Code §§ 510, 1194, 2802 and Wage Order No. 4-2001, § 3, and under the UCL, Bus. & Prof. Code §§ 17203 and 17204.

16.　　This Court has jurisdiction over claims for reasonable attorneys' fees and costs pursuant to Labor Code §§ 226(e), 1194, 2802 and Cal. Civ. Proc. Code § 1021.5.

///

## VENUE

17.    Venue is proper in the County of Alameda pursuant to California Code of Civil Procedure §§ 395(a) and 395.5.  Defendant Paychex North America Inc.'s principal place of business is in New York.  Defendant has not designated a principal place of business anywhere in California.  Venue is therefore proper in any county, including County of Alameda.  The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within Alameda County.

## FACTUAL ALLEGATIONS COMMON TO ALL CLASS MEMBERS

### A. Defendant Misclassified Plaintiffs and Class Members as Outside Sales Representatives

18.    During the Overtime (and Wage Statement) Class Period, Defendant maintained a policy and/or practice of classifying Plaintiffs and Class Members, which includes the Overtime Subclass Members, as outside sales representatives. However, Class Members customarily and regularly spent more than 50% of their working time performing work for Defendant from the Defendant's place of business, that being either the Defendant's office or Plaintiffs and Class Members' home offices.

19.    Because Plaintiffs and Class Members did not spend 50% or more away from the Defendant's place of business, the California Outside Sales Exemption does not apply, and Class Members were and are entitled to the protections of the California minimum wage laws, including the right to be provided with itemized wage statements that include entries for their total hours worked and applicable hourly rate pursuant to Labor Code § 226.

20.    Moreover, in mid-to-late March 2020, following Governor Newsom's stay-at-home order, Defendant instituted policies and/or practices that led Class Members to work almost exclusively from their own home office, i.e. the employer's place of business.

### B. Defendant Failed to Issue Accurate Itemized Wage Statements to Class Members

21.    During the Wage Statement Class Period, Defendant did not require Plaintiffs and Class Members to record their hours worked, and Defendant did not maintain other policies and/or practices to track Plaintiffs and Class Members' hours worked for payroll and wage statement purposes.

22.     As a result of Defendant's failure to track Class Members' hours worked, Defendant failed to furnish them with wage statements containing entries for the total hours worked by the employee, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee in violation of Labor Code § 226(a).

23.     Defendant's practice of furnishing Plaintiffs and Class Members incomplete and/or inaccurate wage statements in violation of Labor Code § 226(a) was not an isolated and unintentional payroll error due to a clerical or inadvertent mistake, but rather was willful and intentional and the result of Defendant's regular compensation policies. As a result, Defendants actions were knowing and intentional pursuant to Labor Code § 226(e).

24.     Plaintiffs and Class Members could not promptly and easily determine from the wage statements alone, without reference to other documents or information, including wage statements from previous pay periods, their regular hourly rate, the total hours worked at that rate, and the total hours worked during a pay period.  As a result, Plaintiffs and Class Members suffered injury for the purposes of Labor Code § 226(e).

## C. Defendant's Compensation Practices Applicable to Overtime Subclass Members Violated California's Overtime Laws

25.     As discussed above, during the Overtime Class Period, Defendant maintained a policy and/or practice of misclassifying Overtime Subclass Members as exempt from overtime pursuant to the outside sales exemption, despite the fact that they customarily and regularly spent 50% or more of their time working hours from their employers' place of business, which included working from their home office.

26.     In addition, Overtime Subclass Members earned 50% or more of their total compensation in earnings other than commissions.  As a result, Plaintiffs and Overtime Subclass Members were entitled to overtime for all hours worked in excess of eight hours in a day, and 40 hours in a workweek.

27.     During the Overtime Class Period, Plaintiffs and Overtime Subclass Members routinely worked more than 8 hours in a workday and/or more than forty hours in workweek.

28.     Because Overtime Subclass Members were non-exempt employees throughout the Overtime Class Period, Defendant was required to pay them overtime pay pursuant to Labor Code §§ 510, 1194 and Wage Order No. 4-2001, § 3.  However, during the Overtime Class Period, Defendant failed to pay overtime wages owed to Plaintiffs and Overtime Subclass Members because Defendant misclassified them as exempt from the overtime laws.

**D.   *Defendant Failed to Pay All Compensation Owed to Overtime Subclass Members Upon Discharge***

29.     Plaintiffs' employment with Paychex ended in June 2020.

30.     During the Waiting Time Penalties Subclass Period, as a consequence of Defendant's failure to pay overtime wages, Plaintiffs and formerly employed Overtime Subclass Members did not receive all compensation due to them upon separation from employment as required under Labor Code §§ 201-203.

31.     As a result, Defendant is liable to Plaintiffs and formerly employed Overtime Subclass Members for waiting time penalties amounting to thirty (30) days wages for each formerly employed Overtime Subclass Member pursuant to Labor Code § 203.

**E.   *Defendant's Failure to Reimburse Class Members for their Business Expenses***

32.     Beginning in mid-to-late March 2020, Defendant instituted policies and/or practices that required Expense Reimbursement Class Members to perform work-related duties from home.

33.     As a result of working remotely, in direct consequence of carrying out their duties, or their obedience to the directions of the Defendant, Expense Reimbursement Class Members incurred home office expenses, including but not limited to charges for cellular phone service and internet service.

34.     Defendant knew or should have known that Expense Reimbursement Class Members incurred those home office expenses.

35.     However, during the Expense Reimbursement Class Period, Defendant maintained policies and/or practices that denied full reimbursement for these expenses.

36.     As a result, Defendant's policies and/or practices required and/or with Defendant's knowledge thereof permit, ER Class Members to pay for their office business expenses including but not limited to internet and phone service in direct discharge of their job duties on behalf of Defendant, without reimbursement by Defendant in full or at all, for such expenses.

37.     Defendant was aware that Plaintiffs and ER Class Members routinely incurred business expenses in the discharge of their duties, as employees, without any reimbursement. Defendant nevertheless has, through the ER Class Period, failed and refused to reimburse Plaintiffs and ER Class Members for such expenses incurred by them in their work as they carry out their work duties for Defendant.

38.     Defendant failed to implement and maintain a policy of reimbursing ER Class Members' necessarily-incurred business expenses, or substantially similar policies.

39.     Plaintiffs and ER Class Members have been harmed by Defendant's unlawful lack of a reimbursement policy and/or practice in that they have not been paid for any of their expenses incurred in carrying out their job duties for Defendant, thereby diminishing their agreed-upon compensation, in substantial amounts to be proved at trial.

40.     As a result, Defendant violated Labor Code § 2802, and Plaintiffs and Expense Reimbursement Class Members are entitled to reimbursement for these home office expenses, and their reasonable attorney's fees and costs.

**F. *Defendant's Labor Code Violations Were Unfair Business Practices***

41.     Throughout the Overtime Class Period and ER Class Period, Defendant has adopted and used unfair business practices to reduce Overtime Subclass Members' and ER Class Members' compensation and increase profits.  These unfair business practices by Defendant with respect to Overtime Subclass Members and ER Class Members include failing to reimburse for necessarily incurred business expenses and failing to pay overtime wages.

///

///

///

## CLASS ACTION ALLEGATIONS

42.     Plaintiffs brings this class action pursuant to Cal. Civ. Proc. Code § 382 on behalf of the Classes and Overtime Subclass.  Upon information and belief, there are more than 50 members in each of the Classes and Subclass.  The members of each of the Classes and Subclass are so numerous that joinder of all members is impractical.

43.     Plaintiffs' claims are typical of the claims of the members of the Classes and members of the Subclass they seek to represent because they were employed by Defendant and subject to its unlawful policies and/or practices, including misclassification and resulting failure to issue accurate itemized wage statements, failure to pay overtime wages, and failure to pay all wages due at the time of discharge. Additionally, as a result of working from home, Plaintiffs incurred home office expenses as a result, and were all subject to Defendant's lack of a policy and/or practice of reimbursing business expenses.

44.     Plaintiffs will fairly and adequately represent the interests of the Classes and the Subclass.  Plaintiffs have no conflict of interest with any member of the Classes or any member of the Subclass.  Plaintiffs have retained competent and experienced counsel in complex class action litigation.  Plaintiffs' counsel has the expertise and financial resources to adequately represent the interests of the Classes and Subclass.

45.     Common questions of law and fact exist as to all members of the Classes and Subclass and predominate over any questions solely affecting individual members of the Classes and Subclass.  Among the questions of law and fact common to Plaintiffs and each Class and Plaintiffs and the Subclass are the following:

  a.  Is a home office considered the employer's place of business;

  b.  Did Defendant maintain policies and/or practices that led to Class Members working 50% or more from their employers' place of business;

  c.  Are Class Members outside salespersons;

  d.  Did Overtime Subclass Members earn 50% or less of their total compensation from commissions, in any given pay period;

e.   Whether Defendant violated Labor Code § 226(a) by failing to issue accurate and itemized wage statements to Plaintiffs and Class Members;

f.   Whether Defendant's violation of Labor Code § 226(a) was knowing and intentional;

g.   Whether Plaintiffs and Class Members suffered injury for the purposes of Labor Code § 226(e);

h.   Whether Defendant failed to pay Plaintiffs and Overtime Subclass Members overtime wages;

i.   Whether Defendant violated Labor Code §§ 201-203 by failing to pay Plaintiffs and Overtime Subclass Members overtime pay due to them upon separation from employment;

j.   Whether Defendant violated Labor Code § 2802 by failing to reimburse Plaintiffs and ER Class Members for necessarily incurred business expenses when they worked from home;

k.   Whether Defendant's violations constitute unfair, unlawful, and fraudulent business practices, in violation of UCL;

l.   Whether Plaintiffs and members of the Overtime Subclass and ER Class Members are entitled to restitution under Bus. & Prof. Code §§ 17200 *et seq.* for unreimbursed expenses, and uncompensated wages; and

m.   The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiffs, Overtime Subclass, and ER Class Members.

46.   Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this

controversy.  Members of the Classes and members of the Subclass are readily identifiable from Defendant's employee rosters and/or payroll records.

47.     Defendant's actions are generally applicable to the entire Classes and Subclass. Prosecution of separate actions by individual members of the Classes and Subclass creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

48.     Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Furthermore, the amounts at stake for many members of the Classes and Subclass, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

## FIRST CAUSE OF ACTION
### Failure to Issue Accurate Itemized Wage Statements
[Cal. Labor Code § 226(a), (e)]

49.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

50.     During the Wage Statement Class Period, Defendant failed to furnish Plaintiffs and Class Members with accurate itemized wage statements containing total hours worked by the employee, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code § 226(a)(2) and (a)(9).

51.     Defendant's failure to furnish accurate itemized wage statements to Plaintiffs and Class Members was knowing and intentional.

52.     Plaintiffs and Class Members suffered injury as a result of Defendant's knowing and intentional failure to comply with Labor Code § 226(a).

53.     As a result, Plaintiffs and Class Members are entitled to recover $50 for each initial pay period with a violation, and $100 for each subsequent pay period with a violation, up to an amount not exceeding an aggregate penalty of $4,000 for each Class Member, pursuant to Labor Code § 226(e).

54.     Plaintiffs, on behalf of themselves and all other Class Members, also request relief as described below.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime
[Cal. Labor Code §§ 510, 1194 and Wage Order No. 4-2001, § 3]

55.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

56.     Labor Code § 510 and the applicable Wage Order require that an employer compensate all work performed by an employee in excess of either (8) hours per workday and forty (40) hours per workweek, at one and one-half times the employee's regular rate.

57.     Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable is entitled to recover in a civil action the unpaid balance of the full amount of his or her overtime compensation, including interest thereon, and reasonable attorneys' fees and costs.

58.     During the Overtime Class Period, Plaintiffs and Overtime Subclass Members routinely worked more than eight (8) hours per workday and more than forty (40) hours per workweek.

59.     During all relevant times, however, Defendant knowingly and willfully failed to pay overtime earned and due to Plaintiffs and Overtime Subclass Members.  Defendant's conduct deprived Plaintiffs and Overtime Subclass Members of full and timely payment for all overtime hours worked in violation of the Labor Code and applicable Wage Order.

60.     Accordingly, pursuant to § 3 of the Wage Order and Labor Code §§ 510, 1194, Plaintiffs and Overtime Subclass Members are entitled to recover, at a minimum, an amount equal to the total amount of unpaid overtime wages unlawfully withheld during the Class Period.

61.     Plaintiffs, on behalf of themselves and all other Overtime Subclass Members, also request relief as described below.

## THIRD CAUSE OF ACTION
### Failure to Pay All Wages Due at the Time of Discharge
[Cal. Labor Code §§ 201-203]

62.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

63.     Labor Code §§ 201 and 202 require Defendant to pay all compensation due and owing to formerly employed Overtime Subclass Members who worked during the Waiting Time Penalties Subclass Period, promptly after the termination of their employment.  Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation up to 30 workdays.

64.     As alleged herein, Defendant failed to pay Plaintiffs and Overtime Subclass Members overtime pay.  As a result, Defendant failed to pay all compensation due and owing to Plaintiffs and formerly employed Overtime Subclass Members upon their termination or separation from employment with Defendant, as required by Labor Code §§ 201 and 202.

65.     As a result, Defendant is liable to Plaintiffs and formerly employed Overtime Subclass Members for waiting time penalties amounting to thirty (30) days wages for each formerly employed Subclass Member pursuant to Labor Code § 203.

66.     Plaintiffs, on behalf of themselves and all other formerly employed Overtime Subclass Members, also request relief as described below.

### FOURTH CAUSE OF ACTION
**Failure to Reimburse Business Expenses**
**[Cal. Labor Code § 2802]**

67.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

68.     Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

69.     As set forth above, Plaintiffs and ER Class Members worked remotely from home during the ER Class Period.  As a result, in order to discharge their duties for Defendant, Plaintiffs and ER

Class Members incurred home office expenses in order to carry out their job duties for Defendant. However, Defendant did not pay for nor reimburse Plaintiffs and ER Class Members for home office incurred as a result of their use for business purposes.

70.    Defendant's failure to pay for or reimburse the home office expenses of Plaintiffs and ER Class Members violated non-waivable rights secured to them by Labor Code § 2802. As a result, Plaintiffs and ER Class Members are entitled to recover all unreimbursed business expenses, and interest thereon, and reasonable attorneys' fees and costs.

71.    Plaintiffs, on behalf of themselves and all other ER Class Members also request relief as described below.

## FIFTH CAUSE OF ACTION
### Unfair, Unlawful, or Fraudulent Business Practices
### [Cal. Bus. & Prof. Code §§ 17200 *et seq.*]

72.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

73.    The UCL prohibits any unlawful, unfair, or fraudulent business practices. Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards. Through its actions alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL because Defendant's conduct has violated state wage and hour laws as herein described.

74.    During the Overtime Class Period and ER Class Period, Defendant committed, and continues to commit, acts of unfair competition, as defined in the UCL by wrongfully denying overtime pay to Overtime Subclass Members and wrongfully failing to reimburse ER Class Members for necessarily incurred business expenses, in violation of Labor Code §§ 510, 1194, 2802 and Wage Order No. 4-2001, § 3.

75.     By its actions and omissions, Defendant has substantially injured Plaintiffs and ER Class Members and Overtime Subclass Members.  Defendant's conduct as herein alleged has damaged Plaintiffs and ER Class Members and Overtime Subclass Members, and was substantially injurious to them.

76.     The harm to Plaintiffs and ER Class Members and Overtime Subclass Members resulting from Defendant's labor code violations outweighs the utility, if any, of Defendant's policies and practices.  Therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

77.     Plaintiffs, on behalf of themselves and all other Overtime Subclass Members and ER Class Members, also request relief as described below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and other members of the Classes and members Overtime Subclass, pray for the following relief:

A. An Order that this action may proceed and be maintained as a class action, with the Classes and Subclass as designated and defined in this Complaint, and that Plaintiffs and their counsel be certified as representatives and Counsel for the Class, respectively.

B.     <u>On the First Cause of Action</u>: That the Court find and declare that Defendant has violated California Labor Code § 226(a) by failing to issue accurate itemized wage statements; award Plaintiffs and Class Members statutory penalties under California Labor Code § 226(e); and award reasonable attorneys' fees and costs.

C.     <u>On the Second Cause of Action</u>: That the Court find and declare that Defendant has violated California Labor Code §§ 510, 1194 and IWC Wage Order No. 4-2001, § 3 by failing to pay Plaintiffs and Overtime Subclass Members overtime pay, and award Plaintiffs and Overtime Subclass Members, at a minimum, an amount equal to the total amount of unpaid overtime wages unlawfully withheld during the Overtime Class Period, and interest thereon, and reasonable attorneys' fees and costs.

D.    <u>On the Third Cause of Action</u>: That the Court find and declare that Defendant has violated California Labor Code §§ 201-203 by failing to pay Plaintiffs and formerly employed Overtime Subclass Members promptly all compensation due upon separation from employment, and award Plaintiffs and formerly employed Overtime Subclass Members waiting time penalties in the amount of 30 days' wages per formerly employed Overtime Subclass Member.

E.    <u>On the Fourth Cause of Action</u>: That the Court find and declare that Defendant has violated California Labor Code § 2802 by failing to reimburse Plaintiffs and ER Class Members for necessarily incurred business expenses, and award Plaintiffs and ER Class Members all unreimbursed business expenses, and interest thereon, and reasonable attorneys' fees and costs.

F.    <u>On the Fifth Cause of Action</u>: That the Court find and declare that Defendant has violated the UCL by failing to reimburse necessarily incurred business expenses and by failing to pay overtime pay; and award restitution to Plaintiffs and Overtime Subclass Members in the amount of unpaid overtime pay, and award restitution to Plaintiffs and ER Class Members in the amount of their unreimbursed expenses.

G.    That the Court award attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, California Labor Code §§ 226(e), 1194, 2802 and California Code of Civil Procedure § 1021.5.

H.    All other relief as this Court deems proper.

## JURY DEMAND

Plaintiffs hereby demand trial by jury of all claims against Defendant alleged herein.

Dated: May 20, 2021                    Respectfully submitted,


By: Julian Hammond
    HAMMONDLAW, P.C.

*Attorneys for Plaintiffs and the Putative Classes*

HammondLaw PC
Attn:  Hammond, Julian
11780 W Sample Rd #103
Coral Springs, FL    33065

Paychex North America, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Callahan | No. <u>HG21102203</u> |
| Plaintiff/Petitioner(s) | |
| VS. | |
| Paychex North America, Inc. | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 08/03/2021    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 09/07/2021    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  06/28/2021                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                      By   _Darnefer Oh_____
                                                              Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/29/2021.

                                      By   _Darnefer Oh_____
                                                              Deputy Clerk

Docketed Y____N____ Docketed By_____
        Deadlines(s)_____

JUL - 2 2021

Hearing_____Opp._____Reply_____
      Atty 1_____ Atty 2_____

JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
11780 W. Sample Road, Suite 103
Coral Springs, FL 33065
Tel. (310) 601-6766
Fax (310) 295-2385

*Attorneys for Plaintiff and the Putative Classes*

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| **STANLEY CALLAHAN** and **FAISAL GAILANI**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**PAYCHEX NORTH AMERICA**, a Delaware Corporation,<br><br>Defendant. | CASE NO. HG21102203<br><br>**PROOF OF SERVICE** |

# PROOF OF SERVICE

I, the undersigned, am over the age of eighteen years and not a party to the entitled action. My business address is 11780 W Sample Rd. Suite 103, Coral Springs, FL 33065. On today's date, I served the following document(s):

## 1.  NOTICE OF HEARING

By causing a true copy thereof to be sent to the following:

Jackson Lewis, P.C.
Michael Hood
Nolan S. McCready
200 Spectrum Center Drive
Suite 500
Irvine, CA 92618

Jackson Lewis, P.C.
Scott Jang
50 California Street
9th Floor
San Francisco, CA 94111

**By First Class Mail:** I enclosed the documents in a sealed envelope with postage full pre-paid, addressed to the persons listed above, and deposited it in the ordinary course of business with the United States Postal Service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 30, 2021

_____
Ari Cherniak

062S0009103582

$1.11⁰
US POSTAGE
FIRST-CLASS
FROM 33065
07/01/2021
stamps
endicia

FRESNO CA 936

30 JUN 2021 PM 1 L

Jackson Lewis, P.C.
Michael Hood
Nolan S. McCready
200 Spectrum Center Dr Suite 500
Irvine CA 92618-5005

HammondLaw P.C.
11780 W Sample Rd Ste 103
Coral Springs FL 33065-3141

Michael A. Hood (SBN 71258)
Nolan S. McCready (SBN 300684)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Phone:  (949) 885-1360
Fax:    (949) 885-1380
Email: Michael.Hood@jacksonlewis.com
Email: Nolan.McCready@jacksonlewis.com

Scott P. Jang (SBN 260191)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111
Phone:  (415) 394-9400
Fax:    (415) 394-9401
Email: Scott.Jang@jacksonlewis.com

Attorneys for Defendant
PAYCHEX NORTH AMERICA INC.

ENDORSED
FILED
ALAMEDA COUNTY

JUL 20 2021

CLERK OF THE SUPERIOR COURT
By _____

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| STANLEY CALLAHAN and FAISAL GAILANI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PAYCHEX NORTH AMERICA, INC., and DOES 1 through 10, inclusive),<br><br>Defendants. | CASE NO.:  HG21102203 - CLASS<br><br>*[Assigned for all purposes to the Hon. Brad Seligman, Dept. 23]*<br><br>**DEFENDANT PAYCHEX NORTH AMERICA INC.'S PEREMPTORY CHALLENGE AND MOTION TO DISQUALIFY JUDGE PURSUANT TO CODE OF CIVIL PROCEDURE § 170.6**<br><br>*[Concurrently filed with Declaration of Nolan S. McCready]*<br><br>Complaint Filed:    May 20, 2021<br>Trial Date:         Not Set |

TO THE HONORABLE COURT AND ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant PAYCHEX NORTH AMERICA INC. ("Defendant") moves the Court for an order disqualifying the Honorable Brad Seligman from the above-captioned action and assigning this matter to another judge pursuant to Code of Civil Procedure section 170.6.



---

1

DEF. PAYCHEX NORTH AMERICA INC.'S PEREMPTORY CHALLENGE AND
MOTION TO DISQUALIFY JUDGE PURSUANT TO CCP § 170.6        CASE NO. HG21102203

1    This peremptory challenge and motion to disqualify is made pursuant to Code of Civil Procedure

2  section 170.6(a)(2) and is based on this Notice and the accompanying Declaration of Nolan S.

3  McCready in Support of Defendant's Peremptory Challenge and Motion to Disqualify Judge Pursuant to

4  Code of Civil Procedure section 170.6.  This peremptory challenge and motion to disqualify is timely

5  under section 170.6(a)(2) because it was filed within 15 days of Defendant appearing in this action.

6

7

8  Dated: July 19, 2021                              JACKSON LEWIS P.C.

9

10                                             _____

11                                             Michael A. Hood
                                               Scott P. Jang
12                                             Nolan S. McCready

13                                             Attorneys for Defendant
                                               PAYCHEX NORTH AMERICA INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF. PAYCHEX NORTH AMERICA INC.'S PEREMPTORY CHALLENGE AND
MOTION TO DISQUALIFY JUDGE PURSUANT TO CCP § 170.6        CASE NO. HG21102203

1

**PROOF OF SERVICE**

2

**CALIFORNIA SUPERIOR COURT, COUNTY OF ALAMEDA**
**CASE NAME:   _STANLEY CALLAHAN, ET AL. v. PAYCHEX NORTH AMERICA, INC._**

3

**CASE NO.:      HG21102203**

4

STATE OF CALIFORNIA, COUNTY OF ORANGE

5

      I am employed in the County of Orange, State of California.  I am over the age of 18 and not a

6

party to the within action.  My business address is: 200 Spectrum Center Drive, Suite 500, Irvine, CA 92618.

7

      On **July 20, 2021,** I caused the foregoing document(s) described as:

8

**DEFENDANT PAYCHEX NORTH AMERICA INC.'S PEREMPTORY CHALLENGE AND**

9

**MOTION TO DISQUALIFY JUDGE PURSUANT TO CODE OF CIVIL PROCEDURE § 170.6**

10

to be served on all interested parties in this action as follows:

11

| | |
|---|---|
| Julian Hammond, Esq. | _Attorneys for Plaintiffs_ |
| Polina Brandler, Esq. | _STANLEY CALLAHAN and FAISAL GAILANI_ |
| Ari Cherniak, Esq. | |
| HammodLaw, P.C. | Phone:   (310) 601-6766 |
| 11780 W. Sample Road, Ste. 103 | Fax:     (310) 295-2385 |
| Coral Springs, FL 33065 | E-Mail:  jhammond@hammondlawpc.com |
| | pbrandler@hammondlawp.com |
| | acherniak@hammondlawpc.com |

12

13

14

15

16

☒   **MAIL:**  by placing a true copy of the document(s) listed above for collection and mailing

17

following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Irvine, California addressed as set

18

forth herein.

19

      **STATE**:  I declare under penalty of perjury under the laws of the State of California that the

20

foregoing is true and correct.

21

      Executed on **July 20, 2021**, at Irvine, California.

22

23

_____

24

4821-7017-1377, v. 2

Cynthia L. Kuno

25

26

27

28

1 | Michael A. Hood (SBN 71258)
Nolan S. McCready (SBN 300684)
2 | JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
3 | Irvine, CA 92618
Phone:  (949) 885-1360
4 | Fax:    (949) 885-1380
Email: Michael.Hood@jacksonlewis.com
5 | Email: Nolan.McCready@jacksonlewis.com

6 | Scott P. Jang (SBN 260191)
JACKSON LEWIS P.C.
7 | 50 California Street, 9th Floor
San Francisco, CA 94111
8 | Phone:  (415) 394-9400
Fax:    (415) 394-9401
9 | Email: Scott.Jang@jacksonlewis.com

10 | Attorneys for Defendant
PAYCHEX NORTH AMERICA INC.

11

ENDORSED
FILED
ALAMEDA COUNTY

JUL 20 2021

CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

STANLEY CALLAHAN and FAISAL GAILANI, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

PAYCHEX NORTH AMERICA, INC., and DOES 1 through 10, inclusive),

Defendants.

CASE NO.:  HG21102203 - CLASS

*[Assigned for all purposes to the Hon. Brad Seligman, Dept. 23]*

**DECLARATION OF NOLAN S. McCREADY IN SUPPORT OF DEFENDANT PAYCHEX NORTH AMERICA INC.'S PEREMPTORY CHALLENGE AND MOTION TO DISQUALIFY JUDGE PURSUANT TO CODE OF CIVIL PROCEDURE § 170.6**

*[Concurrently filed with Peremptory Challenge]*

Complaint Filed:    May 20, 2021
Trial Date:         Not Set

1

DECLARATION OF NOLAN S. McCREADY IN SUPPORT OF DEFENDANT'S PEREMPTORY CHALLENGE AND MOTION TO DISQUALIFY JUDGE PURSUANT TO CODE OF CIVIL PROCEDURE § 170.6 – Case No. HG21102203



**DECLARATION OF NOLAN S. McCREADY**

I, Nolan S. McCready, declare and state as follows:

1.      I am an attorney duly licensed to practice law in the State of California and am an attorney for Defendant PAYCHEX NORTH AMERICA INC. ("Defendant") in this matter.  I have personal knowledge of the facts contained in this declaration and if called as a witness, I could and would competently testify thereto under oath.

2.      The Honorable Brad Seligman, the judge to whom this case now is assigned for all purposes, is prejudiced against Defendant or its attorneys, or against the interests of Defendant or its attorneys, such that I believe Defendant cannot have a fair and impartial trial or hearing before this judge.

3.      This peremptory challenge and motion to disqualify is timely under Code of Civil Procedure section 170.6(a)(2) because it was filed within 15 days of Defendant appearing in this action.

4.      This is the first and only peremptory challenge and motion to disqualify filed by Defendant in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on July 20, 2021, in Irvine, California.

_____
NOLAN S. McCREADY

DECLARATION OF NOLAN S. McCREADY IN SUPPORT OF DEFENDANT'S PEREMPTORY
CHALLENGE AND MOTION TO DISQUALIFY JUDGE PURSUANT TO CODE OF CIVIL
PROCEDURE § 170.6 – Case No. HG21102203

1

**PROOF OF SERVICE**

2

**CALIFORNIA SUPERIOR COURT, COUNTY OF ALAMEDA**
**CASE NAME:   *STANLEY CALLAHAN, ET AL. v. PAYCHEX NORTH AMERICA, INC.***

3

**CASE NO.:      HG21102203**

4

STATE OF CALIFORNIA, COUNTY OF ORANGE

5

      I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 200 Spectrum Center Drive, Suite 500, Irvine, CA 92618.

6

7

      On **July 20, 2021,** I caused the foregoing document(s) described as:

8

**DECLARATION OF NOLAN S. McCREADY IN SUPPORT OF DEFENDANT PAYCHEX NORTH AMERICA INC.'S PEREMPTORY CHALLENGE AND MOTION TO DISQUALIFY JUDGE PURSUANT TO CODE OF CIVIL PROCEDURE § 170.6**

9

10

to be served on all interested parties in this action as follows:

11

12

| Julian Hammond, Esq. | ***Attorneys for Plaintiffs*** |
|---|---|
| Polina Brandler, Esq. | ***STANLEY CALLAHAN and FAISAL GAILANI*** |
| Ari Cherniak, Esq. | |
| HammodLaw, P.C. | Phone:      (310) 601-6766 |
| 11780 W. Sample Road, Ste. 103 | Fax:          (310) 295-2385 |
| Coral Springs, FL 33065 | E-Mail:     jhammond@hammondlawpc.com |
| | pbrandler@hammondlawp.com |
| | acherniak@hammondlawpc.com |

13

14

15

16

17

☒ **MAIL:**  by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Irvine, California addressed as set forth herein.

18

19

20

      **STATE**:  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22

      Executed on **July 20, 2021**, at Irvine, California.

23

24

_____
Cynthia L. Kuno

25

4843-4380-4145, v. 2

26

27

28

1
PROOF OF SERVICE