# EXHIBIT C

JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
11780 W. Sample Road, Suite 103
Coral Springs, FL 33065
Tel. (310) 601-6766
Fax (310) 295-2385

*Attorneys for Plaintiffs and the Putative Classes*

ENDORSED
FILED
ALAMEDA COUNTY

JUL 21 2021

CLERK OF THE SUPERIOR COURT
By _____
Jessica Flores  Deputy

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

STANLEY CALLAHAN and FAISAL
GAILANI, individually and on behalf of all
others similarly situated,

        Plaintiffs,

v.

PAYCHEX NORTH AMERICA, INC., a
Delaware Corporation,

        Defendant.

CASE NO. HG21102203

**FIRST AMENDED CLASS AND
REPRESENTATIVE ACTION COMPLAINT
FOR:**

(1)  **Failure to Issue Accurate Itemized Wage
Statements (Cal. Labor Code § 226(a),
(e));**
(2)  **Failure to Pay Overtime Wages (Cal.
Labor Code §§ 510, 1194; IWC Wage
Order No. 4-2001, § 3).**
(3)  **Failure to Pay Compensation Due Upon
Discharge from Employment (Cal. Labor
Code §§ 201-203);**
(4)  **Failure to Reimburse Business Expenses
(Cal. Labor Code § 2802);**
(5)  **Unfair, Unlawful, or Fraudulent Business
Practices (Cal. Bus. & Prof. Code §§ 17200
*et seq.*); and**
(6)  **Civil Penalties Pursuant to Private
Attorneys General Act (Cal. Labor Code
§§ 2698 *et seq.*)**

**DEMAND FOR JURY TRIAL**

Plaintiff Stanley Callahan and Faisal Gailani ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege the following:

## INTRODUCTION

1.      This is a class action under California Code of Civil Procedure § 382 seeking damages for unreimbursed expenses and unpaid overtime, statutory penalties, interest, and reasonable attorneys' fees and costs under California Labor Code ("Labor Code") §§ 226, 510, 1194, 201, 202, 203, 2802, IWC Wage Order ("Wage Order") No. 4-2001 § 3, California Civil Procedure Code § 1021.5, and restitution under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200 *et seq.* on behalf of the members of the classes , as defined below.

2.      Plaintiffs bring this class action on behalf of themselves and other individuals currently and formerly employed by Defendant Paychex North America, Inc. ("Paychex" or "Defendant") in California as Sales Representatives or in a similar capacity ("Class Members") from one year prior to the filing of this Complaint through to the trial date ("Wage Statement Class Period"). During the Wage Statement Class Period, Defendant maintained a policy and/or practice of misclassifying Class Members as outside sales representatives, yet Class Members customarily and regularly worked 50% or more of their working time at their employer's place of business.

3.      As a result of misclassifying Class Members as exempt throughout the Wage Statement Class Period, Defendant did not require Class Members to track their hours worked, and thus did not list the total hours worked and/or their applicable hourly rate on the wage statements it furnished to the Class Members, in violation of Labor Code § 226(a).  Defendant's violation of Labor Code § 226(a) was knowing and intentional, and Plaintiffs and Class Members suffered injury as a result in that they could not ascertain from the wage statement alone the number of hours worked, or the applicable hourly rate earned. As a result, Plaintiffs and Class Members are entitled to statutory penalties and reasonable attorney's fees and costs pursuant to Labor Code § 226(e).

4.      Plaintiffs also bring this class action on behalf of themselves and a subclass of Class Members who in any pay period earned 50% or more of their total compensation in earnings other than commissions ("Overtime Subclass Members") during the period of four years prior to the filing of this

Complaint through to the trial date ("Overtime Class Period").  As stated above, Defendant maintained a practice and/or policy of misclassifying Class Members as exempt from overtime, pursuant to the outside sales exemption contained in Wage Order 4, § 1(C). Overtime Subclass Members routinely worked more than eight hours in a day and 40 hours in a workweek and were therefore entitled to overtime pay. However, as a result of misclassifying them as exempt Defendant did not pay Overtime Subclass Members overtime, in violation of Labor Code §§ 1194, 510, and Wage Order No. 4-2001, § 3.

5.     As a result of failing to pay overtime, Defendant failed to pay Plaintiffs and formerly employed Overtime Subclass Members who were employed within the three-year period prior to the filing of the Complaint through to the date of trial ("Waiting Time Penalties Subclass Period") all wages due and owing to them at the time of their termination, in violation of Labor Code § 201.  Plaintiffs and formerly employed Overtime Subclass Members are therefore entitled to waiting time penalties pursuant to Labor Code § 203.

6.     Plaintiffs also bring this action on behalf of themselves and other employees of Defendant ("Expense Reimbursement Class Members" or "ER Class Members") in California employed at any time from March 18, 2020 through the date of trial ("Expense Reimbursement Class Period" or "ER Class Period") for unreimbursed business expenses incurred by them during that period. During the ER Class Period, Defendant maintained a policy and/or practice of requiring Plaintiffs and ER Class Members to work remotely. In order to carry out and perform their assigned work related duties remotely, Plaintiffs and ER Class Members incurred and continue to incur expenses including but not limited to cost of internet service and telephone service (hereinafter, "home office expenses"). However, Defendant maintains a policy and/or practice of denying reimbursement to Plaintiffs and ER Class Members for these necessarily incurred home office expenses, in violation of Labor Code § 2802.

7.     In consequence of the violations of Labor Code §§ 510, 1194, and 2802, and IWC Wage Order No. 4-2001, § 3 Defendant also committed unfair, unlawful, and fraudulent business practices, in violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 et seq. Plaintiffs, on behalf of themselves, and members of the Overtime Subclass and ER Class, seek restitution and other relief as prayed for below.

8.      Plaintiffs also bring this action as a representative action under the Labor Code Private Attorneys General Act ("PAGA"), Labor Code §§ 2698 *et seq.,* for civil penalties on behalf of themselves and other individuals currently and formerly employed as Sales Representatives or in a similar capacity ("Aggrieved Employees") employed by Defendant at any time from May 14, 2020 through to the trial date ("PAGA Period") for Defendant's alleged violation of Labor Code § 226(a).

9.      In addition, Plaintiffs bring this action as a PAGA representative action for civil penalties on behalf of themselves and other current and former Aggrieved Employees who in any pay period earned 50% or more of their total compensation in earnings other than commissions ("Overtime Aggrieved Employees") for Defendant's alleged violation of Labor Code §§ 510, 1194, 201 and 202.

10.     Finally, Plaintiffs bring this a PAGA representative action for civil penalties on behalf of themselves and all other individuals employed by Paychex in California who were required and/or expected to work from home ("Expense Reimbursement Aggrieved Employees") during the PAGA Period for Defendant's alleged violation of Labor Code § 2802.

## PARTIES

11.     Plaintiff Callahan is a resident of Los Angeles, California and was employed by Paychex as a Sales Consultant in Los Angeles from approximately July 2019 through June 2020.  During his employment, Plaintiff Callahan was subject to Defendant's unlawful conduct described herein.

12.     Plaintiff Gailani is a resident of San Diego, California and was employed by Paychex as a Sales Consultant in San Diego from approximately November 2019 through June 2020.  During his employment, Plaintiff Gailani was subject to Defendant's unlawful conduct described herein.

13.     Defendant Paychex North America, Inc. is a Delaware corporation with its principal place of business and mailing address at 19 Goldenchain Court, Penfield, New York 14625.

## JURISDICTION

14.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for the failure to issue accurate itemized wage statements pursuant to Labor Code § 226(a), (e).

15.     This Court has jurisdiction over Plaintiffs' and Overtime Subclass Members' claims for failure to pay overtime wages pursuant to Labor Code §§ 510, 1194 and Wage Order No. 4-2001, § 3.

16.     This Court has jurisdiction over Plaintiffs' and formerly employed Overtime Subclass Members' claims for failure to pay compensation due upon discharge from employment pursuant to Labor Code §§ 201-203.

17.     This Court has jurisdiction over Plaintiffs' and ER Class Members' claims for failure to reimburse business expenses pursuant to Labor Code § 2802.

18.     This Court has jurisdiction over the claims for restitution arising from Defendant's violations of Labor Code §§ 510, 1194, 2802 and Wage Order No. 4-2001, § 3, and under the UCL, Bus. & Prof. Code §§ 17203 and 17204.

19.     This Court has jurisdiction over Plaintiffs' claims for civil penalties under Labor Code § 2699.  On May 14, 2021, Plaintiffs provided Notice pursuant to Labor Code § 2699.3 to the California Labor & Workforce Development Agency ("LWDA") and to the Defendant. The LWDA has provided no notice to Plaintiffs within the period specified in Labor Code § 2699.3 regarding its intention to investigate or not investigate any other claims alleged in the PAGA Notice.  Plaintiffs have therefore fully complied with the PAGA procedural requirements and may commence this representative action pursuant to Labor Code § 2699.

20.     This Court has jurisdiction over claims for reasonable attorneys' fees and costs pursuant to Labor Code §§ 226(e), 1194, 2802, 2699, and Cal. Civ. Proc. Code § 1021.5.

## **VENUE**

21.     Venue is proper in the County of Alameda pursuant to California Code of Civil Procedure §§ 395(a) and 395.5.  Defendant Paychex North America Inc.'s principal place of business is in New York.  Defendant has not designated a principal place of business anywhere in California. Venue is therefore proper in any county, including County of Alameda.  The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within Alameda County.

///

**FACTUAL ALLEGATIONS COMMON TO ALL CLASS MEMBERS**

**A. *Defendant Misclassified Plaintiffs and Class Members as Outside Sales Representatives***

22.     During the Overtime (and Wage Statement) Class Period, Defendant maintained a policy and/or practice of classifying Plaintiffs and Class Members, which includes the Overtime Subclass Members, as outside sales representatives. However, Class Members customarily and regularly spent more than 50% of their working time performing work for Defendant from the Defendant's place of business, that being either the Defendant's office or Plaintiffs and Class Members' home offices.

23.     Because Plaintiffs and Class Members did not spend 50% or more away from the Defendant's place of business, the California Outside Sales Exemption does not apply, and Class Members were and are entitled to the protections of the California minimum wage laws, including the right to be provided with itemized wage statements that include entries for their total hours worked and applicable hourly rate pursuant to Labor Code § 226.

24.     Moreover, in mid-to-late March 2020, following Governor Newsom's stay-at-home order, Defendant instituted policies and/or practices that led Class Members to work almost exclusively from their own home office, i.e. the employer's place of business.

**B. *Defendant Failed to Issue Accurate Itemized Wage Statements to Class Members***

25.     During the Wage Statement Class Period, Defendant did not require Plaintiffs and Class Members to record their hours worked, and Defendant did not maintain other policies and/or practices to track Plaintiffs and Class Members' hours worked for payroll and wage statement purposes.

26.     As a result of Defendant's failure to track Class Members' hours worked, Defendant failed to furnish them with wage statements containing entries for the total hours worked by the employee, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee in violation of Labor Code § 226(a).

27.     Defendant's practice of furnishing Plaintiffs and Class Members incomplete and/or inaccurate wage statements in violation of Labor Code § 226(a) was not an isolated and unintentional payroll error due to a clerical or inadvertent mistake, but rather was willful and intentional and the result

of Defendant's regular compensation policies. As a result, Defendants actions were knowing and intentional pursuant to Labor Code § 226(e).

28.      Plaintiffs and Class Members could not promptly and easily determine from the wage statements alone, without reference to other documents or information, including wage statements from previous pay periods, their regular hourly rate, the total hours worked at that rate, and the total hours worked during a pay period.  As a result, Plaintiffs and Class Members suffered injury for the purposes of Labor Code § 226(e).

**C. Defendant's Compensation Practices Applicable to Overtime Subclass Members Violated California's Overtime Laws**

29.      As discussed above, during the Overtime Class Period, Defendant maintained a policy and/or practice of misclassifying Overtime Subclass Members as exempt from overtime pursuant to the outside sales exemption, despite the fact that they customarily and regularly spent 50% or more of their time working hours from their employers' place of business, which included working from their home office.

30.      In addition, Overtime Subclass Members earned 50% or more of their total compensation in earnings other than commissions.  As a result, Plaintiffs and Overtime Subclass Members were entitled to overtime for all hours worked in excess of eight hours in a day, and 40 hours in a workweek.

31.      During the Overtime Class Period, Plaintiffs and Overtime Subclass Members routinely worked more than 8 hours in a workday and/or more than forty hours in workweek.

32.      Because Overtime Subclass Members were non-exempt employees throughout the Overtime Class Period, Defendant was required to pay them overtime pay pursuant to Labor Code §§ 510, 1194 and Wage Order No. 4-2001, § 3.  However, during the Overtime Class Period, Defendant failed to pay overtime wages owed to Plaintiffs and Overtime Subclass Members because Defendant misclassified them as exempt from the overtime laws.

**D. Defendant Failed to Pay All Compensation Owed to Overtime Subclass Members Upon Discharge**

33.      Plaintiffs' employment with Paychex ended in June 2020.

34.     During the Waiting Time Penalties Subclass Period, as a consequence of Defendant's failure to pay overtime wages, Plaintiffs and formerly employed Overtime Subclass Members did not receive all compensation due to them upon separation from employment as required under Labor Code §§ 201-203.

35.     As a result, Defendant is liable to Plaintiffs and Overtime Subclass Members for waiting time penalties amounting to thirty (30) days wages for each formerly employed Overtime Subclass Member pursuant to Labor Code § 203.

### E.   *Defendant's Failure to Reimburse Class Members for their Business Expenses*

36.     Beginning in mid-to-late March 2020, Defendant instituted policies and/or practices that required Expense Reimbursement Class Members to perform work-related duties from home.

37.     As a result of working remotely, in direct consequence of carrying out their duties, or their obedience to the directions of the Defendant, Expense Reimbursement Class Members incurred home office expenses, including but not limited to charges for cellular phone service and internet service.

38.     Defendant knew or should have known that Expense Reimbursement Class Members incurred those home office expenses.

39.     However, during the Expense Reimbursement Class Period, Defendant maintained a policies and/or practices that denied full reimbursement for these expenses.

40.     As a result, Defendant's policies and/or practices required and/or with Defendant's knowledge thereof permit, ER Class Members to pay for their office business expenses including but not limited to internet and phone service in direct discharge of their job duties on behalf of Defendant, without reimbursement by Defendant in full or at all, for such expenses.

41.     Defendant was aware that Plaintiffs and ER Class Members routinely incurred business expenses in the discharge of their duties, as employees, without any reimbursement. Defendant nevertheless has, through the ER Class Period, failed and refused to reimburse Plaintiffs and ER Class Members for such expenses incurred by them in their work as they carry out their work duties for Defendant.

42.     Defendant failed to implement and maintain a policy of reimbursing ER Class Members' necessarily-incurred business expenses, or substantially similar policies.

43.     Plaintiffs and ER Class Members have been harmed by Defendant's unlawful lack of a reimbursement policy and/or practice in that they have not been paid for any of their expenses incurred in carrying out their job duties for Defendant, thereby diminishing their agreed-upon compensation, in substantial amounts to be proved at trial.

44.     As a result, Defendant violated Labor Code § 2802, and Plaintiffs and Expense Reimbursement Class Members are entitled to reimbursement for these home office expenses, and their reasonable attorney's fees and costs.

***F. Defendant's Labor Code Violations Were Unfair Business Practices***

45.     Throughout the Overtime Class Period and ER Class Period, Defendant has adopted and used unfair business practices to reduce Overtime Subclass Members' and ER Class Members' compensation and increase profits.  These unfair business practices by Defendant with respect to Overtime Subclass Members and ER Class Members include failing to reimburse for necessarily incurred business expenses and failing to pay overtime wages.

## CLASS ACTION ALLEGATIONS

46.     Plaintiffs brings this class action pursuant to Cal. Civ. Proc. Code § 382 on behalf of the Classes and Overtime Subclass.  Upon information and belief, there are more than 50 members in each Class.  The members of each Class are so numerous that joinder of all members is impractical.

47.     Plaintiffs' claims are typical of the claims of the members of the Classes and members of the Subclass they seek to represent because they were employed by Defendant and subject to its unlawful policies and/or practices, including misclassification and resulting failure to issue accurate itemized wage statements, failure to pay overtime wages, and failure to pay all wages due at the time of discharge. Additionally, as a result of working from home, Plaintiffs incurred home office expenses as a result, and were all subject to Defendant's lack of a policy and/or practice of reimbursing business expenses.

48.     Plaintiffs will fairly and adequately represent the interests of the Classes and the Subclass. Plaintiffs have no conflict of interest with any member of the Classes or any member of the Subclass.

Plaintiffs have retained competent and experienced counsel in complex class action litigation. Plaintiffs' counsel has the expertise and financial resources to adequately represent the interests of the Classes and Subclass.

49.     Common questions of law and fact exist as to all members of the Classes and Subclass and predominate over any questions solely affecting individual members of the Classes and Subclass. Among the questions of law and fact common to Plaintiffs and each Class and Plaintiffs and the Subclass are the following:

a.  Is a home office considered the employer's place of business;

b.  Did Defendant maintain policies and/or practices that led to Class Members working 50% or more from their employers' place of business;

c.  Are Class Members outside salespersons;

d.  Did Overtime Subclass Members earn 50% or less of their total compensation from commissions, in any given pay period;

e.  Whether Defendant violated Labor Code § 226(a) by failing to issue accurate and itemized wage statements to Plaintiffs and Sales Subclass Members;

f.  Whether Defendant's violation of Labor Code § 226(a) was knowing and intentional;

g.  Whether Plaintiffs and Sales Subclass Members suffered injury for the purposes of Labor Code § 226(e);

h.  Whether Defendant failed to pay Plaintiffs and Overtime Subclass Members overtime wages;

i.  Whether Defendant violated Labor Code §§ 201-203 by failing to pay Plaintiffs and Overtime Subclass Members overtime pay due to them upon separation from employment;

j.  Whether Defendant violated Labor Code § 2802 by failing to reimburse Plaintiffs and ER Class Members for necessarily incurred business expenses when they worked from home;

k.  Whether Defendant's violations constitute unfair, unlawful, and fraudulent business practices, in violation of UCL;

l.  Whether Plaintiffs and members of the Overtime Subclass and ER Class Members are entitled to restitution under Bus. & Prof. Code §§ 17200 *et seq.* for unreimbursed expenses, and uncompensated wages; and

m.  The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiffs, Overtime Subclass, and ER Class Members.

50.  Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  Members of the Classes and members of the Subclass are readily identifiable from Defendant's employee rosters and/or payroll records.

51.  Defendant's actions are generally applicable to the entire Classes.  Prosecution of separate actions by individual members of the Classes creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

52.  Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Furthermore, the amounts at stake for many members of the Classes, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

## FIRST CAUSE OF ACTION
### Failure to Issue Accurate Itemized Wage Statements
### [Cal. Labor Code § 226(a), (e)]

53.  Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

54.  During the Wage Statement Class Period, Defendant failed to furnish Plaintiffs and Class Members with accurate itemized wage statements containing total hours worked by the employee, and all

applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code § 226(a)(2) and (a)(9).

55.     Defendant's failure to furnish accurate itemized wage statements to Plaintiffs and Class Members was knowing and intentional.

56.     Plaintiffs and Class Members suffered injury as a result of Defendant's knowing and intentional failure to comply with Labor Code § 226(a).

57.     As a result, Plaintiffs and Class Members are entitled to recover $50 for each initial pay period with a violation, and $100 for each subsequent pay period with a violation, up to an amount not exceeding an aggregate penalty of $4,000 for each Class Member, pursuant to Labor Code § 226(e).

58.     Plaintiffs, on behalf of themselves and all other Class Members, also request relief as described below.

### SECOND CAUSE OF ACTION
**Failure to Pay Overtime**
**[Cal. Labor Code §§ 510, 1194 and Wage Order No. 4-2001, § 3]**

59.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

60.     Labor Code § 510 and the applicable Wage Order require that an employer compensate all work performed by an employee in excess of either (8) hours per workday and forty (40) hours per workweek, at one and one-half times the employee's regular rate.

61.     Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable is entitled to recover in a civil action the unpaid balance of the full amount of his or her overtime compensation, including interest thereon, and reasonable attorneys' fees and costs.

62.     During the Overtime Class Period, Plaintiffs and Overtime Subclass Members routinely worked more than eight (8) hours per workday and more than forty (40) hours per workweek.

63.     During all relevant times, however, Defendant knowingly and willfully failed to pay overtime earned and due to Plaintiffs and Overtime Subclass Members.  Defendant's conduct deprived Plaintiffs and Overtime Subclass Members of full and timely payment for all overtime hours worked in violation of the Labor Code and applicable Wage Order.

64.     Accordingly, pursuant to § 3 of the Wage Order and Labor Code §§ 510, 1194, Plaintiffs and Overtime Subclass Members are entitled to recover, at a minimum, an amount equal to the total amount of unpaid overtime wages unlawfully withheld during the Class Period.

65.     Plaintiffs, on behalf of themselves and all other Overtime Subclass Members, also request relief as described below.

### THIRD CAUSE OF ACTION
**Failure to Pay All Wages Due at the Time of Discharge**
**[Cal. Labor Code §§ 201-203]**

66.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

67.     Labor Code §§ 201 and 202 require Defendant to pay all compensation due and owing to formerly employed Overtime Subclass Members who worked during the Waiting Time Penalties Subclass Period, promptly after the termination of their employment.   Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation up to 30 workdays.

68.     As alleged herein, Defendant failed to pay Plaintiffs and Overtime Subclass Members overtime pay.  As a result, Defendant failed to pay all compensation due and owing to Plaintiffs and formerly employed Overtime Subclass Members upon their termination or separation from employment with Defendant, as required by Labor Code §§ 201 and 202.

69.     As a result, Defendant is liable to Plaintiffs and formerly employed Overtime Subclass Members for waiting time penalties amounting to thirty (30) days wages for each formerly employed Subclass Member pursuant to Labor Code § 203.

70.     Plaintiffs, on behalf of themselves and all other formerly employed Overtime Subclass Members, also request relief as described below.

///

**FOURTH CAUSE OF ACTION**
**Failure to Reimburse Business Expenses**
**[Cal. Labor Code § 2802]**

71.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

72.     Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

73.     As set forth above, Plaintiffs and ER Class Members worked remotely from home during the ER Class Period.  As a result, in order to discharge their duties for Defendant, Plaintiffs and ER Class Members incurred home office expenses in order to carry out their job duties for Defendant.  However, Defendant did not pay for nor reimburse Plaintiffs and ER Class Members for home office incurred as a result of their use for business purposes.

74.     Defendant's failure to pay for or reimburse the home office expenses of Plaintiffs and ER Class Members violated non-waivable rights secured to them by Labor Code § 2802.  As a result, Plaintiffs and ER Class Members are entitled to recover all unreimbursed business expenses, and interest thereon, and reasonable attorneys' fees and costs.

75.     Plaintiffs, on behalf of themselves and all other ER Class Members also request relief as described below.

**FIFTH CAUSE OF ACTION**
**Unfair, Unlawful, or Fraudulent Business Practices**
**[Cal. Bus. & Prof. Code §§ 17200 *et seq.*]**

76.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

77.     The UCL prohibits any unlawful, unfair, or fraudulent business practices.  Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.  Through its actions alleged

herein, Defendant has engaged in unfair competition within the meaning of the UCL because Defendant's conduct has violated state wage and hour laws as herein described.

78.     During the Overtime Class Period and ER Class Period, Defendant committed, and continues to commit, acts of unfair competition, as defined in the UCL by wrongfully denying overtime pay to Overtime Subclass Members and wrongfully failing to reimburse ER Class Members for necessarily incurred business expenses, in violation of Labor Code §§ 510, 1194, 2802 and Wage Order No. 4-2001, § 3.

79.     By its actions and omissions, Defendant has substantially injured Plaintiffs and ER Class Members and Overtime Subclass Members.  Defendant's conduct as herein alleged has damaged Plaintiffs and ER Class Members and Overtime Subclass Members, and was substantially injurious to them.

80.     The harm to Plaintiffs and ER Class Members and Overtime Subclass Members resulting from Defendant's labor code violations outweighs the utility, if any, of Defendant's policies and practices. Therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

81.     Plaintiffs, on behalf of themselves and all other Overtime Subclass Members and ER Class Members, also request relief as described below.

### SIXTH CAUSE OF ACTION
**Civil Penalties**
**[Labor Code §§ 2698 *et seq.*]**

82.     Plaintiffs re-allege and incorporates by reference each and every allegation set forth in the preceding paragraphs.

83.     Plaintiffs seek PAGA penalties, and attorneys' fees and costs, on behalf of themselves, Aggrieved Employees, Overtime Aggrieved Employees, and Expense Reimbursement Aggrieved Employees, for the following violations:

*Violation of Labor Code § 226(a) on behalf of Aggrieved Employees*

84.     During the PAGA Period, Defendant failed to issue accurate itemized wage statements by failing to list on the wage statements (1) total hours worked and (2) all applicable hourly rates in effect

during the pay period, and the corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a)(2) and (a)(9).

85.     Pursuant to Labor Code § 226.3, Plaintiffs and Aggrieved Employees are entitled to $250 for each initial pay period with a violation of Labor Code § 226(a)(2), (a)(9), and $1,000 for each subsequent pay period with a violation.

86.     Alternatively, under Labor Code § 2699(f)(2), Plaintiffs and Aggrieved Employees are entitled to a PAGA penalty equal to one hundred dollars ($100) per pay period per Aggrieved Employee for each initial violation of Labor Code § 226 (a)(2) and (a)(9), and two hundred dollars ($200) per pay period for each subsequent violation.

### *Violation of Labor Code §§ 510 and 1194 on behalf of Overtime Aggrieved Employees*

87.     During the PAGA Period, Defendant did not compensate Overtime Aggrieved Employees overtime wages when they worked over 8 hours in a day, 40 hours in a week, or seven days without a rest day in between, in violation of Labor Code §§ 510 and 1194, and Wage Order No. 4-2001, § 3.

88.     Pursuant to Labor Code § 2699(f)(2), Plaintiffs and Overtime Aggrieved Employees are entitled to one hundred dollars ($100) per pay period for each initial violation of Labor Code §§ 510 and 1194, and two hundred dollars ($200) per pay period for each subsequent violation.

### *Violation of Labor Code §§ 201-202 on behalf of Overtime Aggrieved Employees*

89.     During the PAGA Period, as a consequence of Defendant's failure to pay overtime wages owed, formerly employed Overtime Aggrieved Employees did not receive all compensation due to them when they were discharged from employment, in violation of Labor Code § 201.

90.     Pursuant to Labor Code § 2699(f)(2), Plaintiffs and Overtime Aggrieved Employees are entitled to one hundred dollars ($100) per pay period for each initial violation of Labor Code §§ 201-202 and two hundred dollars ($200) per pay period for each subsequent violation.

### *Violation of Labor Code § 2802 on behalf of Expense Reimbursement Aggrieved Employees*

91.     During the PAGA Period, Expense Reimbursement Aggrieved Employees were required to work remotely from home and incur expenses including the cost of internet and home or mobile telephone expenses, and other expenses associated with working from home. However, Defendant failed

to reimburse Expense Reimbursement Aggrieved Employees for these business expenses reasonably incurred in order to carry out their job duties for Defendant, in violation of Labor Code § 2802.

92.     Pursuant to Labor Code § 2699(f)(2), Plaintiffs and Expense Reimbursement Aggrieved Employees are entitled to one hundred dollars ($100) per pay period for each initial violation and two hundred dollars ($200) per pay period for each subsequent violation.

### *Attorneys' Fees and Costs*

93.     Plaintiffs are entitled to recover attorneys' fees and costs under Labor Code § 2699(g)(1).

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and other members of the Classes and members Overtime Subclass, pray for the following relief:

A.     An Order that this action may proceed and be maintained as a class action, with the Class as designated and defined in this Complaint, and that Plaintiffs and their counsel be certified as representatives and Counsel for the Class, respectively.

B.     On the First Cause of Action: That the Court find and declare that Defendant has violated California Labor Code § 226(a) by failing to issue accurate itemized wage statements; award Plaintiffs and Class Members statutory penalties under California Labor Code § 226(e); and award reasonable attorneys' fees and costs.

C.     On the Second Cause of Action: That the Court find and declare that Defendant has violated California Labor Code §§ 510, 1194 and IWC Wage Order No. 4-2001, § 3 by failing to pay Plaintiffs and Overtime Subclass Members overtime pay, and award Plaintiffs and Overtime Subclass Members, at a minimum, an amount equal to the total amount of unpaid overtime wages unlawfully withheld during the Class Period, and interest thereon, and reasonable attorneys' fees and costs.

D.     On the Third Cause of Action: That the Court find and declare that Defendant has violated California Labor Code §§ 201-203 by failing to pay Plaintiffs and formerly employed Overtime Subclass Members promptly all compensation due upon separation from employment, and award Plaintiffs and formerly employed Overtime Subclass Members waiting time penalties in the amount of 30 days' wages per Subclass Member.

E.      <u>On the Fourth Cause of Action</u>: That the Court find and declare that Defendant has violated California Labor Code § 2802 by failing to reimburse Plaintiffs and ER Class Members for necessarily incurred business expenses, and award Plaintiffs and ER Class Members all unreimbursed business expenses, and interest thereon, and reasonable attorneys' fees and costs.

F.      <u>On the Fifth Cause of Action</u>: That the Court find and declare that Defendant has violated the UCL by failing to reimburse necessarily incurred business expenses and by failing to pay overtime pay; and award restitution to Plaintiffs and Overtime Subclass Members in the amount of unpaid overtime pay, and award restitution to Plaintiffs and ER Class Members in the amount of their unreimbursed expenses.

G.      <u>On the Sixth Cause of Action</u>: That the Court award PAGA Civil Penalties, and attorneys' fees and costs, as provided under Labor Code § 2699.

H.      That the Court award attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, California Labor Code §§ 226(e), 1194, 2699, 2802 and California Code of Civil Procedure § 1021.5.

I.      All other relief as this Court deems proper.

## JURY DEMAND

Plaintiffs hereby demand trial by jury of all claims against Defendant alleged herein.

Dated: July 20, 2021                     Respectfully submitted,


By: Julian Hammond
    HAMMONDLAW, P.C.
    *Attorneys for Plaintiffs*

JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
11780 W. Sample Road, Suite 103
Coral Springs, FL 33065
Tel. (310) 601-6766
Fax (310) 295-2385

ENDORSED
FILED
ALAMEDA COUNTY

JUL 21 2021

CLERK OF THE SUPERIOR COURT
By _____ K. Ghee _____ Deputy

*Attorneys for Plaintiff and the Putative Classes*

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| **STANLEY CALLAHAN** and **FAISAL GAILANI**, individually and on behalf of all others similarly situated, | CASE NO. HG21102203 |
| Plaintiffs, | **PROOF OF SERVICE** |
| v. | |
| **PAYCHEX NORTH AMERICA**, a Delaware Corporation, | |
| Defendant. | |

**PROOF OF SERVICE**

I, the undersigned, am over the age of eighteen years and not a party to the entitled action. My business address is 11780 W Sample Rd. Suite 103, Coral Springs, FL 33065. On today's date, I served the following document(s):

**1. FIRST AMENDED COMPLAINT**

By causing a true copy thereof to be sent to the following:

Jackson Lewis, P.C.
Michael Hood
Nolan S. McCready
200 Spectrum Center Drive
Suite 500
Irvine, CA 92618

Jackson Lewis, P.C.
Scott Jang
50 California Street
9th Floor
San Francisco, CA 94111

**By First Class Mail:** I enclosed the documents in a sealed envelope with postage full pre-paid, addressed to the persons listed above, and deposited it in the ordinary course of business with the United States Postal Service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 20, 2021.


_____
Ari Cherniak